## Mathis *v.* The State.

1. The act of 1879 (Acts of 1878-9, p. 334), which confers upon the commissioners of roads and revenues of Putnam county exclusive jurisdiction in fixing the amount of the license for the sale of spirituous liquors, and which, after conferring powers touching the road laws, declares that the commissioners " shall exercise such other powers as are granted by the code of the State " to the justices of the inferior court, or to that court, with the restriction that they shall have no jurisdiction save and except such as pertains to county matters, invests the commissioners with power to grant or refuse licenses to retail spirituous liquors in the county specified, the code referred to being that which was of force when the constitution of 1868 was ratified, and which, in section 1432 (Irwin's Rev. Code), vested this power in the justices of that court. By the general law of 1890 (Acts of 1890–91, vol. 1, p. 128), a license to sell in any quantity is requisite, and power to grant the same is lodged with the same officer or officers having power to grant licenses to retail.

2. The jurisdiction to grant such licenses in Putnam county being exclusively in the commissioners of roads and revenues, and the

authorities of no town or city in that country having any power over the subject, an indictment for unlawfully selling spirituous liquors in that county, which negatives the granting of any license by the commissioners, is sufficient without making any reference to the corporate authorities of any town or city.

3. The evidence warranted the verdict, and there was no error in overruling the *certiorari.*

November 20, 1893.

*Certiorari.* Before Judge JENKINS. Putnam superior court. September term, 1893.

H. A. JENKINS and HARRISON & PEEPLES, for plaintiff in error. H. G. LEWIS, solicitor-general, by HINES, SHU-BRICK & FELDER and J. S. TURNER, *contra.*

LUMPKIN, Justice.

1. The act of 1879, creating a board of commissioners of roads and revenues for Putnam county, and defining its powers and duties, which act is cited in the first head-note, confers upon the commissioners exclusive jurisdiction in "fixing the amount of the license for the sale of spirituous liquors." By section five of this act it is also declared: "That said commissioners shall have the same power of appointing road commissioners, and enforcing the road laws, the justices of the inferior court had by the code of this State, prior to the ratification of the constitution of eighteen hundred and sixty-eight of this State, and shall exercise such other powers as are granted by the code of the State to said justices, or said court, or are indispensable to their jurisdiction; and shall have no jurisdiction save and except such as pertains to county matters." In order, therefore, to determine whether or not the act in question conferred upon the commissioners of Putnam county the power to grant or refuse licenses to retail spirituous liquors in that county, it is necessary to inquire whether or not, under the code in force prior to the ratification of the constitution of 1868, the justices of the inferior court, or that court, had this power; and if so, whether or not the

exercise of it pertained to a "county matter." The first inquiry admits of no difficulty. Section 1432 of Irwin's Revised Code, which is the code above referred to, distinctly provides that: "Persons, before obtaining license to retail spirituous liquors, must apply to the justices of the inferior court of the county in which they desire to retail, who have the power to grant or refuse such application." The jurisdiction in question, therefore, undoubtedly belonged to the justices of the inferior court.

Now, did the subject-matter of that jurisdiction fall within what were termed "county matters?" We think it did. It is true that in section 346 of the code above mentioned, which conferred upon the inferior court, when sitting for county purposes, jurisdiction over various matters, no reference is made to the subject of granting liquor licenses; but an examination of sections 4052 to 4064, inclusive, with reference to the sessions, adjournments and proceedings of the inferior court when sitting for county purposes, will show that section 346 is not exhaustive of the powers of this court when thus sitting. Section 4057 provides that the "court may hear and determine all matters over which the law gives the justices jurisdiction." We have already seen that they had jurisdiction over the question of granting or refusing licenses to retail spirituous liquors, and it requires no argument to prove that this particular matter, as distinguished from the trial of causes and the transaction of business coming before the court when in judicial session, is necessarily a "county matter." Our conclusion, therefore, is that under the act of 1879 first above mentioned, the commissioners of Putnam county had the power to grant or refuse such licenses.

Under section 1419 of the present code, the jurisdiction to grant retail liquor licenses is conferred upon the ordinary; and it was contended by the State, that by the act of December 22, 1884 (Acts of 1884–5, p. 42),

this jurisdiction was conferred upon the board of commissioners of roads and revenues in counties where such boards had been established by law. It was replied that the act last mentioned was unconstitutional, because it failed to describe in the manner required by the constitution the amendments sought to be made to the section of the code therein referred to, and that this act was not relieved of this defect because of its recognition by the subsequent act of October 16, 1885 (same pamphlet, p. 59). We deem it unnecessary to enter into any discussion either as to the constitutionality of the first of these acts, or as to their effect, considered together, upon the section of the code last mentioned, because the act of December 24, 1890, to regulate the sale of spirituous, vinous and malt liquors in this State, relieves the matter of all difficulty. See Acts of 1890–91, vol. 1, p. 128. By the plain terms of this act, it is requisite, in order to lawfully sell spirituous liquors in any quantity, to obtain a license, and such license must be obtained "from the authorities now authorized by law to grant licenses for the sale of such liquors by retail." We have seen that the local act for Putnam county, without reference to section 1419 of the code, or the above recited acts amendatory of the same, authorized the commissioners of that county to grant retail licenses; and consequently, the general law of 1890 confers upon them the authority to grant licenses for the sale of spirituous liquors in *any* quantity, as this enactment also provides that "the laws now in force in this State with reference to the granting of license to retail dealers in spirituous, vinous and malt liquors, in the several counties, and the penalties attached for the violation of the same, are hereby made applicable to dealers who sell in any quantity whatever." Consequently it was, at the time Mathis is charged with having sold spirituous liquors in Putnam county, a misdemeanor to do so with-

out a license from the board of commissioners of that county.

2. There is, in Putnam county, no incorporated city, town or village, except Eatonton, and its charter does not confer upon the authorities thereof any jurisdiction to grant liquor licenses. So far, then, as Putnam county is concerned, this jurisdiction is vested solely and exclusively in the county board of commissioners, and consequently, without a license from them, it would be unlawful and indictable to sell spirituous liquors even in Eatonton. It was, therefore, sufficient for the indictment against Mathis for unlawfully selling spirituous liquors in Putnam county, simply to negative the granting to him of a license by the commissioners, and there was no occasion to make any reference in the indictment to the corporate authorities of any town or city. It would be otherwise if in the county of Putnam there was a town or city whose authorities had the power to grant such licenses; because, if that were so, every allegation in the indictment might be true, and yet the accused would be guilty of no offence, provided the selling by him was in such a town or city, and under a proper and regular license from its municipal government. There being, however, no such town or city in Putnam county, the allegations of the indictment before us could not possibly be true without making the accused guilty of the offence charged. Hence we think the indictment, as to this question, was sufficient.

3. The evidence fully warranted the verdict, and this court is unable to say that the court below erred in overruling the *certiorari.*          *Judgment affirmed.*